Fecteau, J.
This matter involves a claim by the plaintiff of breach of an employment contract and conversion. The discovery issue that was first brought to the attention of the court, and which was the subj ect of a hearing conducted on September 6, 2002, was whether sanctions should be imposed upon the plaintiff for failure to attend his deposition on two occasions, each time the deposition having been postponed suddenly at the request of the plaintiff. The exact interchanges between counsel shall not be recounted here but each related to the plaintiff reportedly being on his way to Iran for family emergencies. The circumstances gave reason for the defendant’s counsel to raise suspicion as to the bona fides of the representations given for the postponement and, reason for the court to impose an initial sanction, ordered on September 9, 2002, as well as reason to require an explanation, by affidavit.
The court’s initial sanction was to be paid by September 27, 2002, and a certificate of payment, as well as the affidavit was to be filed with the court by said date. Counsel for the plaintiff requested, on an exparte basis, an additional two days for the filing of the affidavit, and it was filed on October 1, 2002, appearing to have been mailed directly from the plaintiff to the clerk. A certificate of payment had not yet been filed, and the contents of the affidavit raised a completely new explanation concerning the postponement of the deposition, namely, an expectation of or demand made by the plaintiff for depositions of representative employees of the defendant to be conducted concurrently with his own, with no explanation offered as to the origin of the Iran travel story. It thus became clear to the court, from a reading of the plaintiffs affidavit, that the plaintiff had no intention of coming to Massachusetts (from his residence and work in Louisiana) on either date, since he had not received confirmation from his attorney that the depositions of employees of the defendant were also scheduled to take place on the same occasion as his. Notwithstanding the sudden and unexpected death of an uncle in Texas that occurred on July 8, the day before the second scheduled deposition was to occur in Massachusetts, he had not made any arrangements for travel here prior thereto.
The court entered a second order relative to the original motion for sanctions (paper no. 19), by which counsel was given an additional ten days in which to file supplemental memoranda concerning the motion for sanctions, giving particular attention to the contents of the plaintiffs affidavit and the cover letter by which it was transmitted, and a further hearing on October 18, 2002, at 2:00 p.m. was scheduled.
Counsel for both parties filed supplemental memoranda. The defendant contends that the plaintiff has shown a wilful disregard of his obligations as a party and an unwillingness to comply with the reasonable discoveiy requests of the defendant, as evidenced by his affidavit, even discounting the stories of his supposed trips to Iran, which the plaintiff denies telling. The defendant seeks the ultimate sanction, that of dismissal. The plaintiff, through his present counsel (inconsistencies appear to have emerged between the versions of events offered by the plaintiff from that of his counsel, resulting in a likely and promised motion for withdrawal of appearance), contending that the $2000.00 sanction already imposed by the court and paid by the plaintiff is sufficient, opposes any further sanction. However, the monetary sanction previously ordered was simply to compensate the defendant for out-of-pocket expenses incurred in connection with the two failed attempts at deposing the plaintiff and for some of the cost of time spent by defense counsel in preparation thereto.
The sanction of dismissal has been referred to as “draconian” by some decisions of our appellate courts. Although persistent and flagrant failure to comply with the rules of discovery or the court’s discovery orders might support such a measure, and even though the plaintiffs unilateral disregard of his obligation to make himself available for the requested deposition on two separate occasions might be regarded by some as warranting dismissal, there has not yet been evidence of disregard or disobedience to express orders of the court compelling response to *585 discovery. While any further intransigence on the part of the plaintiff to attend his deposition would likely be viewed as sufficiently strong evidence to cross the line for a dismissal, the court is unwilling to do so now. However, a further sanction is warranted, related to the plaintiff s abuse of discovery: the plaintiff shall be prohibited from conducting the deposition of the defendant or any of its employees.
SUPPLEMENTAL ORDER ON MOTION
For the foregoing reasons, the defendant’s motion for sanctions shall be further allowed to the following extent: that the plaintiff is prohibited from conducting the deposition of the defendant and any of its employees in connection with the allegations in the case at bar.